# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

JAMIE LEE COLE,

    Petitioner,

vs.

STATE OF IOWA,[1]

    Respondent.

No. C12-0125-LRR

ORDER

    The matter before the court is the petitioner's application for a writ of habeas corpus (docket no. 1). The clerk's office filed such application on December 14, 2012. The petitioner paid the required $5.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00).

    This case is related to *Cole v. Delaware County*, Case No. 6:04-cv-02086-LRR (N.D. Iowa 2004). In that case, the court dismissed the petitioner's action because he did not comply with the requirements of 28 U.S.C. § 2254(b)(1)(A). In his current application for a writ of habeas corpus, the petitioner again admits that the Iowa Supreme Court never had an opportunity to review his claims. Additionally, a review of his state court cases,

---

[1] The petitioner brings this action against the State of Iowa, but the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." 28 U.S.C. § 2243; *see also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named the State of Iowa as the respondent.

including his underlying criminal case and post-conviction relief actions, indicates that the petitioner never exhausted his claims in the appropriate state forum.[2] Therefore, it is appropriate to dismiss the petitioner's action for failing to comply with 28 U.S.C. § 2254(b)(1)(A). Moreover, under 28 U.S.C. § 2244(d)(1)(A), the petitioner had one year from the date on which his judgment became final to file an application for a writ of habeas corpus, but he waited until November 14, 2012 to seek habeas corpus relief. Such date is well beyond the one year period.[3] Consequently, the petitioner's habeas corpus action is barred by the applicable statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). Lastly, a review of the petitioner's state court cases indicates that his current confinement is not related to the 2004 conviction that he complains about in this action. The petitioner is not attacking the validity of his current confinement. Rather, he is contesting the possible consequences that he might face if he fails to register as a sex offender, which is a remedial requirement of his 2004 conviction.

In sum, because the petitioner did not comply with the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A), failed to file before the applicable statute of limitation ran and does not meet the custody requirements of 28 U.S.C. § 2254, it is appropriate to dismiss

---

[2] Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

[3] Iowa law allows a defendant three years in which to apply for post-conviction relief. *See* Iowa Code § 822.3. Nonetheless, the one-year statute of limitation contained in 28 U.S.C. § 2244 bars a petitioner from filing a federal application for a writ of habeas corpus under 28 U.S.C. § 2254 if one year or more of the three-year period for filing a state application for post-conviction relief under Iowa Code section 822 lapses. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001); *see also Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003) (applying *Painter*).

the petitioner's action. To the extent he desires a certificate of appealability under 28 U.S.C. § 2253, the court concludes there are no appealable issues.

**IT IS THEREFORE ORDERED:**

(1) The petitioner's application for a writ of habeas corpus (docket no. 1) is denied with prejudice.

(2) A certificate of appealability is denied.

**DATED** this 19th day of March, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA